IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 26, 2006 Session

IN RE: ESTATE OF SPENCER BROWN

Circuit Court for Dickson County
No. CV1290    Allen W. Wallace, Judge

No. M2005-00864-COA-R3-CV - Filed on October 27, 2006

WILLIAM C. KOCH, JR., P.J., M.S., dissenting.

With great reluctance, I must part ways with the court regarding the dismissal of this will contest. Based on the facts of this case, I have concluded that the trial court erred by dismissing the will contest without first disposing of Don Brown's motion to implead additional parties and Alton Brown's petition to intervene.

Spencer Brown executed a will in 1994 when he was eighty-eight years old. This will permitted two of his nephews, Don and Alton Brown, to purchase his farm upon his death. Following a heart attack, Spencer Brown moved in with his sister, Allene Dunnagan, who cared for him for the rest of his life. On February 11, 2000, Spencer Brown executed a new will leaving fifty percent of his estate, including his farm, to Ms. Dunnagan with the remainder going to his seven nieces and nephews, including Don and Alton Brown. Spencer Brown died ten days later on February 21, 2000.

Don Brown contested the February 11, 2000 will on the ground that it was the product of Ms. Dunnagan's undue influence. The will contest was tried on November 19, 2000, and the trial court granted Ms. Dunnagan a directed verdict and upheld the will. This court reversed the trial court's directed verdict and remanded the case for a new trial with a recommendation that the trial court permit other interested parties to intervene. *In re Estate of Brown*, No. M2002-00141-COA-R3-CV, 2003 WL 21710508, at *8 (Tenn. Ct. App. July 24, 2003), *perm. app. denied* (Tenn. Dec. 22, 2003).

On September 7, 2004, Don Brown filed a motion to amend his petition and to implead other parties, including Alton Brown. Shortly thereafter, he filed a motion for permission to attempt to mediate his dispute with Ms. Dunnagan. On October 25, 2004, Alton Brown filed a motion to intervene to contest the February 11, 2000 will. In the meantime, Ms. Dunnagan and Don Brown resolved their differences. On December 29, 2004, without disposing of the pending motions, the trial court filed an agreed order prepared by Don Brown and Ms. Dunnagan dismissing the will contest.

Alton Brown quickly filed a motion to stay the entry of the order dismissing the will contest and a motion to set the order aside. On January 28, 2005, he filed a proposed intervening petition that should have accompanied his earlier motion to intervene. Following a hearing on January 28, 2005, the trial court entered an order on February 24, 2005, dismissing all of Alton Brown's pending motions.

The ability to make testamentary dispositions of property is a fundamental right. The courts of this state vigorously protect this right and strive to honor and carry out the desires of testators by rigorously enforcing wills according to their plain terms and by providing proceedings to assure that testamentary intent has not been tainted by lack of testamentary capacity or undue influence.

This case raises the specter of self-dealing. It started when Don Brown asserted that Ms. Dunnagan had used undue influence to procure Spencer Brown's February 11, 2000 will. Even though the trial court dismissed Don Brown's case on directed verdict, this court determined that Don Brown had presented sufficient evidence to require a jury to decide whether Ms. Dunnagan had exerted undue influence on Spencer Brown and remanded the case for another trial.

There has, however, been no trial on the question of whether Ms. Dunnagan exerted undue influence on Spencer Brown. There was no trial because Don Brown and Ms. Dunnagan have reached a private accommodation that may – or may not – be consistent with Spencer Brown's actual desires. The trial court, who apparently did not think much of the will contest to begin with, allowed Don Brown and Ms. Dunnagan to settle the case even though another plainly interested party, Alton Brown, was prepared to proceed with the contest.

This record contains no explanation regarding the trial court's reasons for entering an order dismissing the will contest when the case file contained two pending unresolved motions requesting the intervention of other interested parties. It seems to me that these motions should have been addressed before considering whether the will contest should be dismissed based on an agreement between two, and only two, of the interested parties.

This court's decision appears to be heavily influenced by its concern that Alton Brown has slept on his rights and by Alton Brown's failure to file a proposed petition along with his motion to intervene as required by Tenn. R. Civ. P. 24.03. On this record, I am not prepared to find that Alton Brown has been dilatory because he, like Spencer Brown's other nieces and nephews, could reasonably have believed that Don Brown was acting consistently with their interests – at least until he made a deal with Ms. Dunnagan. Similarly, Alton Brown's lawyer's failure to comply with Tenn. R. Civ. P. 24.03 was cured because the required petition was on file by the time the trial court got around to considering Alton Brown's motion to intervene. By that time, however, the trial court had already dismissed the case and was plainly disinclined to reinstate it.

Our solemn obligation is to honor Spencer Brown's actual testamentary desires. This court concluded in 2003 that sufficient competent evidence existed to question whether Spencer Brown's February 11, 2000 will actually reflected his desires. Despite the efforts of Ms. Dunnagan and Don

Brown, that question remains unresolved today. The trial court should have granted the motions to intervene, declined to dismiss the will contest based on the private agreement between Ms. Dunnagan and Don Brown, and set the case for trial to enable a jury to decide whether Ms. Dunnagan procured Spencer Brown's February 11, 2000 will using undue influence.

_____

WILLIAM C. KOCH, JR., P.J., M.S.